UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADIL RAHMAN, Personal Representative of the heirs of FAZAL RAHMAAN, deceased and WAHIDA FAZAL RAHMAAN, deceased, YASEEN ABDUL FATTAH EL-AAYI and EZZAT ELAAYI, Co-Personal Representatives of the heirs of ABDUL FATTAH ELAAYI, deceased, ABDUL REHMAN POLANI, Personal Representative of the heirs of ABDUL RAHIM ZAIN POLANI, deceased, SARAH ABDUL RAHIM POLANI, deceased, MUHAMMAD IBRAHIM POLANI, deceased, MUHAMMAD USMAN POLANI, deceased, MUHAMMAD SIDDIQUE POLANI, deceased, AMIN SATTAR, Personal Representative of the heirs of MOHAMMED SHABBIR, deceased, and AZMAT YAR KHAN, Personal Representatives of the heirs of MUHAMMAD YAR KHAN, deceased,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>GENERAL ELECTRIC CORPORATION; GE CAPITAL AVIATION SERVICES, LIMITED; and CELESTIAL AVIATION TRADING 34 LIMITED,<br><br>    *Defendants*. | Civil No. 20cv1524 (JBA)<br><br>May 6, 2022 |

**ORDER GRANTING MOTION FOR RECONSIDERATION**

Plaintiffs move for reconsideration [Doc. # 72] of the Court's February 24, 2022 order [Doc. # 71] denying their motions to amend the Complaint [Docs. ## 66, 67]. Defendant, General Electric Corporation, did not respond to Plaintiffs' motion.

The Federal Rules require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. Loc. Civ. R. 7(c). The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478).

The Court denied Plaintiffs' motion to amend, stating: Plaintiffs' "Motions to Amend [Doc. ## 66, 67] are denied as moot in light of the Court's Ruling [Doc. # 69] granting Defendant GE Capital Aviation Services, LLC's Motion to Dismiss." Plaintiffs argue that this language misstates the legal effect of the ruling on the motion to dismiss because it was premised on the Court's lack of personal jurisdiction over two defendants—GE Capital Aviation Services, Ltd. and Celestial Aviation Trading 34 Ltd. (Pls.' Mot. at 2-3.) Plaintiffs argue, however, that GE Capital Aviation Services, LLC was not a party to the lawsuit at the time of the Court's ruling on the motion to dismiss and, in any event, there is no dispute that the Court would have personal jurisdiction over GE Capital Aviation Services, LLC, a Connecticut entity. (*Id.*)

The Court finds Plaintiffs' argument persuasive. Plaintiffs' motions to amend the Complaint requested leave to add a Connecticut entity, GE Capital Aviation Services, LLC (as well as three proposed individual defendants who are residents of Connecticut) to the Complaint. (*See, e.g.*, Mot. to Amend [Doc. # 66] at 1-2.) The Court granted GE Capital Aviation Services, Ltd. and Celestial Aviation Trading 34 Ltd.'s motion to dismiss because it lacks personal jurisdiction over those defendants, but that determination does not preclude the addition of GE Capital Aviation Services, LLC, or the proposed individual defendants given that GE Capital Aviation Services, LLC is a Connecticut entity and the proposed individual defendants are also Connecticut residents. Thus, the Court will reconsider the merits of Plaintiffs' motions to amend the Complaint.

In their motions to amend the Complaint, Plaintiffs argued that they initially brought suit against GE Capital Aviation Services, LLC. (*See* Mot. to Amend [Doc. # 66] at 2.) However,

Plaintiffs claimed that they voluntarily dismissed that action based upon GE Capital Aviation Services, LLC's representation that GE Capital Aviation Services, Ltd. and Celestial Aviation Trading 34 Ltd. were the proper defendants. (*Id.*) Plaintiffs subsequently moved to amend the Complaint to add GE Capital Aviation Services, LLC after learning through discovery that entity's role in the alleged cause of action. (*Id.*) Defendants did not consent to the motions and at oral argument on the motion to dismiss contended that the motions should be denied because, as they viewed the facts, GE Capital Aviation Services, LLC played no role in the underlying cause of action and because these proposed defendants are statutorily immune from liability under 49 U.S.C. § 44112. (Tr. [Doc. # 73] at 4:15-23.)

Because Defendants noted their opposition to Plaintiffs' motions during oral argument but did not have an opportunity to file a written opposition to the motion to amend the Complaint prior to the Court's order denying it, the Court directs Defendants to file a memorandum detailing its opposition, if any, by May 20, 2022.

For the forgoing reasons, Plaintiffs' Motion for Reconsideration [Doc. # 72] is GRANTED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 6th day of May 2022