UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADIL RAHMAN, Personal Representative of the heirs of FAZAL RAHMAAN, deceased and WAHIDA FAZAL RAHMAAN, deceased, YASEEN ABDUL FATTAH EL-AAYI and EZZAT ELAAYI, Co-Personal Representatives of the heirs of ABDUL FATTAH ELAAYI, deceased, ABDUL REHMAN POLANI, Personal Representative of the heirs of ABDUL RAHIM ZAIN POLANI, deceased, SARAH ABDUL RAHIM POLANI, deceased, MUHAMMAD IBRAHIM POLANI, deceased, MUHAMMAD USMAN POLANI, deceased, MUHAMMAD SIDDIQUE POLANI, deceased, AMIN SATTAR, Personal Representative of the heirs of MOHAMMED SHABBIR, deceased, and AZMAT YAR KHAN, Personal Representatives of the heirs of MUHAMMAD YAR KHAN, deceased, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> GENERAL ELECTRIC CORPORATION; GE CAPITAL AVIATION SERVICES, LIMITED; and CELESTIAL AVIATION TRADING 34 LIMITED, <br><br> *Defendants*. | Civil No. 20-cv-1524 (JBA) <br><br> October 24, 2022 |

### ORDER GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AN AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs[1] move [Doc. ## 78, 79] for leave to amend their complaint to add Defendant GE Capital Aviation Services, LLC ("GECAS, LLC") and individual defendants Norm Liu, Greg

---

[1] Plaintiffs are separately represented and filed separate motions, but their filings are substantially identical.

1

Hong, and Diarmuid Hogan. Plaintiffs also seek to assert negligence claims against all Defendants and to remove their vicarious liability claim against GE. Defendant[2] General Electric ("GE"), the only current defendant, argues that leave to amend is futile because Plaintiffs' amended complaint fails to allege that Defendants had a duty to Plaintiffs and because Plaintiffs' claims are time-barred.

## I.  Background

This case relates to the May 22, 2022 crash of a Pakistan International Airlines ("PIA") domestic flight, PIA 8303, that killed more than seventy-five people, including Plaintiff's decedents. (Feb. 14, 2022 Order [Doc. # 69] at 1.) The crash occurred in a failed landing attempt that significantly damaged the aircraft. (*Id.*) The Court previously dismissed the complaint as to two defendants [Doc. # 69] for lack of personal jurisdiction. This left one remaining Defendant: GE. Plaintiffs then moved to amend their complaint [Doc. ## 66, 67], which the Court initially denied [Doc. # 71], but granted on reconsideration [Doc. # 75]. Plaintiffs subsequently filed the instant motions to amend [Doc. ## 78, 79[3]].

Plaintiffs' proposed amended complaint alleges that GE Capital Aviation Services, Ltd. ("GECAS, Ltd."), a sister company of GECAS, LLC, leased the plane to PIA and conditioned the lease on receiving approval from GECAS, LLC and GE. (Proposed Am. Compl. [Doc. # 78-2] ¶¶ 12-16.) Both parties approved the lease, and the plane was then leased to PIA by Celestial Aviation Trading 34 Limited ("Celestial"), also a GE subsidiary. (*Id.* ¶¶ 16-17.) Plaintiffs allege that GE and GECAS, LLC owed them a duty of care, which was breached by their approval of the lease of the plane to PIA despite the fact that they knew or should have known of PIA's extremely poor safety record. (*Id.* Count One, ¶¶ 20-21; Count Two, ¶¶ 20-21.) Plaintiffs

---

[2] "Defendant" refers only to GE, the only current defendant, while the plural "Defendants" refers to all defendants named in the proposed amended complaint.

[3] Where Plaintiffs' motions are identical, the Court cites only to Doc. # 78 and related documents.

2

allege that the individual Defendants likewise breached their duty of care by approving the lease. (*Id.* Count Three, ¶¶ 20-21.)

## II. Standard

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This broad standard reflects courts' "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011). However, courts may deny leave to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss [for failure to state a claim]." *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). This is a high bar; leave to amend should only be denied as futile "where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Palmer v. Fannie Mae*, 755 Fed. App'x 43, 46 (2d Cir. 2018).

To adequately state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sarmiento v. United States*, 678 F.3d 147, 152 (2d Cir. 2012) (internal quotation marks omitted). To be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must be interpreted liberally, all allegations must be accepted as true, and all inferences must be made in the plaintiff's favor. *Heller v. Consol. Rail Corp.*, 331 F. App'x 766, 767 (2d Cir. 2009). But a complaint that only "offers labels and conclusions" or "naked assertions devoid of further factual enhancement" will not survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Rather, a complaint must plead factual allegations that "raise a right to relief above

the speculative level" and must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. Discussion

#### A. Duty

Defendant argues that leave to amend would be futile because the amended complaint does not allege facts sufficient to infer a duty between Defendants and Plaintiffs.

> [T]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy.

*Murillo v. Seymour Ambulance Ass'n*, 264 Conn. 474, 479 (Conn. 2003) (internal citations omitted). There are "four factors to be considered in determining the extent of a legal duty as a matter of public policy: (1) the normal expectations of the participants in the activity under review; (2) the public policy of encouraging participation in the activity, while weighing the safety of the participants; (3) the avoidance of increased litigation; and (4) the decisions of other jurisdictions." *Id.* at 480.

Defendant first argues that the harm was not foreseeable because Defendants could not "have reasonably foreseen that [they] could be held responsible for the loss of life in Pakistan, based on a lease that did not exist at the time, regarding an aircraft that it neither owned nor leased, an aircraft operated in Pakistan by an airline certified in Pakistan." (Defs.' Opp'n [Doc. # 80] at 5.) However, the question of duty turns on the foreseeability of the harm, not the foreseeability of liability for the harm. Viewing the facts alleged in the amended complaint in the light most favorable to Plaintiffs, Defendants knew or should have known of what Plaintiffs claim was PIA's deplorable safety record, which made the possibility of a

4

fatal plane crash foreseeable. [Pls.' Ex. 2 [Doc. # 79-2] Count Two ¶ 22, Count Three ¶ 22.) Thus, the Court cannot say "beyond doubt," *Palmer*, 755 Fed. App'x at 46, based on the amended complaint, that Plaintiffs cannot demonstrate foreseeability.

Defendant also disputes the public policy prong. On the first factor, Defendant argues that aircraft passengers should have no expectation of duty beyond the mechanical safety of the plane and licensure by the relevant natural body. (Defs.' Opp'n at 6-7.) On the second factor, Defendant argues that 49 U.S.C. § 44112, the Lessor Immunity Statute (LIA), controls the Court's weighing of participation versus safety, reflecting an existing policy choice to limit liability to encourage the accessibility of planes for purchase and lease. The statute states that "[a] lessor, owner, or secured party is liable for personal injury, death, or property loss or damage only when a civil aircraft, aircraft engine, or propeller is in the actual possession or operational control of the lessor, owner, or secured party," which Defendant argues reveals a policy preference for limiting liability for parties involved in the transfer of aircraft. 49 U.S.C. § 44112(b). (*Id.* at 7-9.) Defendant frame Plaintiffs' claims as an "end-run" around the LIA, attempting to fashion a claim against parties that the LIA expressly protects. (*Id.* at 8.) On the third factor, Defendant argues that finding a duty would increase litigation. (*Id.* at 9.) Finally, on the fourth factor, Defendant argues that other decisions applying the LIA have consistently found that passive owners and lessors of the aircraft are not liable, so parties even further removed from the transaction should not be liable. (*Id.* at 9-10).

In opposition, Plaintiffs argue that passengers' safety expectations are not limited to the airline and regulators. (Pls.' Reply [Doc. # 84] at 9-10.) Second, Plaintiffs argue that the LIA should not be applied outside of its specific terms to parties who are not owners and lessors. (*Id.* at 11.) Third, Plaintiffs argue that the possibility of a decrease in litigation is not dispositive and would be offset by increased safety. (*Id.*) Fourth, Plaintiffs observe that Defendant cites no cases to support their argument regarding the application of the LIA. (*Id.*)

5

As with the foreseeability prong, weighing the public policy factors does not indisputably show beyond doubt that public policy militates against finding Defendants had a duty to Plaintiffs. The participant expectation factor weighs against Defendants; air passengers do not expect to risk fatal accidents while flying, nor do they expect the entities involved to overlook safety issues in violation of safety regulations. Additionally, this factor, like foreseeability, turns on the extent to which Defendants knew or should have known of PIA's safety record, which Plaintiffs allege they did. Second, the LIA does not resolve the public policy questions. Plaintiffs' amended complaint does not allege that any of Defendants were the lessors or owners of the Plane or that they were involved in the financing of the airplane lease. *See McCord v. Dixie Aviation Corp.*, 450 F.2d 1129, 1130 (10th Cir. 1971) (explaining that the purpose of predecessor statute to the LIA is to facilitate the financing of aircraft purchases); H.R. Rep. 80-2091 (1948) (easing "potential unjust and discriminatory liability is necessary to encourage such persons to participate in the financing of aircraft purchases"). Third, while finding that Defendants had a duty towards Plaintiffs would increase litigation, the specificity of the facts alleged by Plaintiffs and the relatively small number of airplane leases/purchases per year puts in doubt the likelihood of a "flood" of litigation. *Cf. Jaworski v. Kiernan*, 241 Conn. 399, 409-410 (Conn. 1997) (finding that a heightened negligence standard was appropriate for injuries sustained while playing team sports in part to mitigate "the possible flood of litigation that might result from adopting simple negligence as the standard of care," given the large number of athletic events that take place in Connecticut each year). Finally, while other courts have routinely applied the LIA to bar liability for parties who were or are owners, lessors, or secured parties, no court has considered whether liability should be barred for parties not named in the statute. While it may ultimately be the case that Defendants have no duty, it is premature to resolve this question on a motion to amend.

### B. Statute of Limitations

Defendant also argues that granting amendment would be futile because the claims Plaintiffs seek to add are time-barred by Conn. Gen. Stat. § 52-584, which states that

> [n]o action to recover damages for injury . . . to real . . . property, caused by negligence . . . , shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of.

(Defs.' Opp'n at 3.) The three-year requirement "begins to run from the date of the negligent act." *McDonald v. Haynes Med. Laboratory, Inc.*, 192 Conn. 327, 334 (Conn. 1984). Defendant does not dispute that Plaintiffs met the two-year requirement but argues that the negligent acts Plaintiffs allege took place in 2014 and thus fall outside of the three-year limitation. (Defs.' Opp'n at 3-4.)

Plaintiffs urge that the three-year period be tolled by Defendants' continuing course of conduct. (Pl.'s Reply at 3.) "When the action sued upon consists of a continuing course of tortious conduct the statute of limitations does not begin to run until the course of conduct is complete. Thus, even though the defendant's first wrongful act occurred a number of years before the action was brought, the claim might still be alive if the defendant breached a continuing duty." *Hamilton v. Smith*, 773 F.2d 461, 467 (2d Cir. 1985). *See also Neuhaus v. DeCholnoky*, 280 Conn. 190, 201 (Conn. 2006) ("[I]n order to support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto." (internal brackets omitted)). "The continuing course of conduct doctrine reflects the policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied." *Neuhaus*, 280 Conn. at 201-02.

Plaintiffs' second argument is that Defendants fraudulently concealed the existence of the action. (Pl.'s Reply at 3-4.) Conn. Gen. Stat. § 52-595 states that "[i]f any person, liable

to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." To toll a statute of limitations under § 52-595, a plaintiff must show that "the defendant: (1) had actual awareness, rather than imputed knowledge, of the facts necessary to establish the cause of action, (2) intentionally concealed those facts from the plaintiff and (3) concealed those facts for the purpose of obtaining delay on the part of the plaintiff in filing a cause of action against the defendant." *Falls Church Grp., Ltd. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 105 (Conn. 2007).

The Court disagrees that the statute of limitations dispositively renders Plaintiff's claims futile at this stage. "A statute-of-limitations claim is an affirmative defense, which is not normally considered on a motion to dismiss" for failure to state a claim. *Estate of Axelrod v. Flannery*, 476 F. Supp. 2d 188, 203 (D. Conn. 2007) (internal citation omitted). While there is an exception to this general principle when "the defense appears on the face of the complaint," that is not the case here. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). Plaintiffs' complaint does not "allege[] facts that create an ironclad defense." *Allen v. Dairy Farmers of Am., Inc.*, 748 F. Supp. 2d 323, 354 (D. Vt. 2010). Thus, it would be inappropriate for the Court to determine on the face of the proposed pleadings that Plaintiffs' claims are futile as time-barred.

### IV. Conclusion

Plaintiffs' motions for leave to file an amended complaint [Doc. ## 78, 79] are GRANTED. The Clerk is directed to docket #78-2 and #79-2 as the operative Amended Complaints. Answers or other responsive pleadings directed to the Amended Complaints shall be filed by November 7, 2022. The parties shall file a supplemental Rule 26(f) report to facilitate issuance of an updated schedule for this case.

Defendant's motion for judgment on the pleadings as to the Amended Complaint [Doc. # 83] is DENIED as moot.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of October, 2022